[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-10825

Non-Argument Calendar

————————————

CAROLYN L. FIELDS,

Plaintiff-Appellant,

*versus*

HUNTER CONRAD,
St. Johns County Administrator
(Former Clerk of Courts for St. Johns County),
BRAD BRADLEY,
In House Counsel for the Board of County Commissioners
(Former in House Counsel for the Clerk of Courts, Hunter Conrad),
CATHY ROCHE,
Officer of Operations,
BRANDON PATTY,

Clerk of Courts for St. Johns County,
ASHANTE AUSTIN,
Executive Secretary for the Clerk of Courts, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01158-MMH-MCR

————————————

Before LAGOA, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Carolyn L. Fields, *pro se*, appeals the district court's order dismissing her third amended complaint with prejudice as a shotgun pleading. Although given three opportunities to correct problems with her pleadings, Fields's third amended complaint is 84 pages long, sues 28 defendants, contains over 1,000 numbered paragraphs, and does not identify which of the 28 defendants are liable for what conduct. After review of the events and court orders in this case, we conclude the district court did not abuse its discretion in concluding that Fields's third amended complaint was a shotgun pleading and in dismissing it with prejudice.

# I.    BACKGROUND

We take time to review the procedural history that shows how the district court gave Fields three opportunities to comply with the applicable rules.

## A.  Original Complaint Is Stricken

Fields was previously employed as a deputy clerk in the office of the Clerk of Courts in St. Johns County, Florida.  Her employment was terminated on January 21, 2020.

On October 14, 2020, Fields filed the present suit against Hunter Conrad, former Clerk of Courts for St. Johns County; Brad Bradley, former in-house counsel for Hunter Conrad; Brandon Patty, current Clerk of Courts for St. Johns County; Yolanda Mack, recording manager for the Clerk of Courts for St. Johns County; Judge Howard Maltz; and 22 other defendants, all employees or officials of agencies of St. Johns County, Florida, or the state circuit court based in the county.  In her initial complaint, Fields alleged employment discrimination and a hostile work environment based on her race, age, and disability, and also retaliation.  Her complaint did not include separate counts or numbered paragraphs, and it presented few factual allegations.  Fields alleged that she was demoted by defendant Mack, who decreased her pay by $3.65 per hour, and that Mack and other coworkers laughed at her.  She also alleged defendant Conrad suspended her for 10 days without pay

and placed her on six months of probation after she was falsely reported by a supervisor for abandoning her job.[1]

On October 15, 2020, prior to service of process, the district court *sua sponte* reviewed Fields's initial complaint and struck it for failing to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Fields's complaint, the district court found, failed to (1) utilize numbered paragraphs, (2) separate claims into separate counts, and (3) set forth specific allegations as to the 27 named defendants. In that same order, the district court instructed Fields to file an amended complaint consistent with its directives by November 13, 2020.

A magistrate judge likewise entered an order explaining to Fields certain procedural requirements applicable to all litigants, including *pro se* ones. The magistrate judge cautioned Fields "that she must abide by and comply with all orders of this Court" and failure to do so may result in the dismissal of her case.

### B. First Amended Complaint Is Stricken

On October 26, 2020, Fields filed an amended complaint, again suing the same 27 defendants and separating her claims into nine counts. In particular, Fields alleged (1) race discrimination,

---

[1] That same day, Fields also filed a separate motion for an injunction to (1) keep the 26 defendants 500 feet away from Fields and her family; and (2) prohibit any contact between the defendants and Fields and her family. The district court denied Fields's motion for an injunction because it, among other things, "fail[ed] to comply with nearly all of the applicable Local Rules."

(2) torture, (3) harassment, (4) punishment, (5) control/binding, (6) humiliation, (7) retaliation, (8) negligence, and (9) defamation. Fields attached several exhibits, including documents from the Florida Commission on Human Relations, a final written warning from the County Clerk of Courts, an email to her supervisor, an email to Judge Maltz, a formal revocation of her designation as a deputy clerk, and a 2017 disciplinary notice concerning her.

On November 2, 2020, prior to service of process, the district court *sua sponte* reviewed Fields's first amended complaint and found that she had not complied with its October 15, 2020 order. The district court determined that although the first amended complaint contained numbered counts, Fields "fail[ed] to set forth her factual allegations in numbered paragraphs," and instead included "a lengthy narrative of the alleged facts supporting her claims, a portion of which appears to bear no relation to this lawsuit." Further, Fields's first amended complaint was unclear about which claims were asserted against which defendants and what conduct supported each claim. The district court noted that Fields could not bring claims under Title VII against individual coworkers.

Accordingly, the district court struck Fields's first amended complaint for failure to comply with the requirements of Rules 8 and 10, and it provided Fields "with one final opportunity to properly draft her pleadings."

### C.  Second Amended Complaint Is Stricken

On November 25, 2020, Fields filed a second amended complaint, bringing claims against the same 27 defendants, raising the same counts as in the first amended complaint, and setting forth her factual allegations in 306 numbered paragraphs.

On December 17, 2020, the district court held a telephonic hearing with Fields to discuss her second amended complaint.  The district court explained to Fields that her second amended complaint had the same problems as the first two complaints, namely: it (1) brought Title VII claims against individual coworkers, and (2) "muddled together" claims that make it impossible to identify what the claims are.  Although the district court noted that Fields's second amended complaint "made a greater effort" to identify which claims she intended to bring against each defendant, the complaint still failed to explain how those individuals were liable. The district court then explained the difference between factual allegations and conclusory statements, directing Fields to plead plausible facts sufficient to show that the defendants were liable.

Also on December 17, the district court struck Fields's second amended complaint and gave her "one final opportunity" to amend.

### D.  Dismissal of Third Amended Complaint with Prejudice

On February 17, 2021, Fields filed a third amended complaint, which was 84 pages long, added another defendant to the same prior 27 defendants, and contained over a thousand

numbered paragraphs. In her third amended complaint, Fields stated that she was suing for racial discrimination pursuant to Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. However, the third amended complaint expressly alleged only one count—intentional infliction of emotional distress.

In support of her claim, Fields alleged, among other things, that: (1) in November 2017, defendant Conrad suspended her without pay for one day after she emailed a judge to request that her name and address be taken off of a public court document; (2) in August 2019, defendant Conrad suspended her without pay for ten days and placed her on probation for six months for leaving work early to pick up the ashes of a deceased pet, despite having permission to do so, and for false reports by coworkers that she had screamed in the office, slammed a door, and thrown objects across her desk; and (3) in November 2019, she was told she could not get drinks from the facility's vending machine unless on break even though she provided a doctor's note that she was diabetic. Fields also alleged myriad facts unrelated to her employment, attached 35 exhibits, and referred to the Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Nineteenth Amendments to the United States Constitution.

The district court dismissed Fields's third amended complaint with prejudice. After summarizing the events leading up to the filing of the third amended complaint, the district court found the complaint "contain[ed] even more egregious violations of

Rules 8 and 10 than [Fields's] prior attempts." The district court noted that the third amended complaint was "replete with rambling, disjointed allegations bearing no apparent connection to any discernible claim."

The district court determined that the third amended complaint was a shotgun pleading because it (1) was "full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (2) failed to separate each cause of action into different counts; and (3) "assert[ed] multiple claims against multiple defendants without specifying which of the defendants . . . the claim [wa]s brought against." Indeed, the district court found that despite three opportunities to amend, the problems in the complaint had only gotten worse. Therefore, the district court found that Fields was "unable or unwilling to comply" with the district court's directives.

Fields, *pro se*, timely appealed.

## II.    STANDARD OF REVIEW

We review a dismissal of a complaint as a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, *pro se* litigants are still required to

conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

As is the case for represented parties, *pro se* litigants abandon an issue if they fail to brief it on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). To avoid abandonment, a party must plainly identify the issues or claims that they seek to raise on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

## III.   DISCUSSION

### A.   Rules 8(a)(2) and 10(b)

Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 10(b), a complaint "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present [her] claims discretely and succinctly, so . . . [her] adversary can discern what [she] is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are considered shotgun pleadings. *Id.* Shotgun pleadings include complaints that: (1) "contain[] multiple counts where each count adopts the allegations of all preceding counts"; (2) do not reallege all the counts but are "replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, assert counts that present a claim for relief without specifying which defendants the claim is brought against. *Id.* at 1321–23.

District courts have the inherent authority to dismiss a complaint on shotgun-pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). When a litigant files a shotgun pleading and fails to request leave to amend, a district court must *sua sponte* provide the plaintiff with one chance to replead before dismissing the case with prejudice on shotgun-pleading grounds. *Id.*

### B.    Analysis

In this appeal, the main issue is whether Fields's third amended complaint was a shotgun pleading. Fields's briefs detail and reiterate many of the facts relating to her employment by the Clerk of Courts of St. Johns County, including her disagreements with individuals in that office prior to her termination. However, at no point in either her initial or amended brief does Fields expressly refer to the district court's findings that (1) her third amended complaint was a shotgun pleading, and (2) she had failed to comply with the district court's earlier orders or procedural directives as to her pleadings. Therefore, we must conclude that Fields abandoned the issue. *See Timson*, 518 F.3d at 874.

Even if Fields did not abandon the issue on appeal, we conclude that the district court did not abuse its discretion in dismissing her third amended complaint as a shotgun pleading. Indeed, her third amended complaint fell squarely within three of the four categories of shotgun pleadings this Court has identified. The vast majority of the complaint contained legal conclusions, vague opinions, and immaterial facts. *See Weiland*, 792 F.3d at 1322. The complaint also grouped various claims and legal theories—discrimination, retaliation, and more—into a single count of intentional infliction of emotional distress, and it failed to identify which of the 28 individual defendants were liable for what conduct. *See id.* at 1323.

Further, the district court provided Fields with two written orders warning of her complaints' deficiencies, held a telephonic hearing to explain those deficiencies, and gave repeated opportunities to address the deficiencies. Fields did not do so despite being warned that her complaint may be dismissed as a result. Accordingly, the district court did not abuse its discretion in dismissing Fields's third amended complaint with prejudice.

**AFFIRMED.**